IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOE LEE WARE, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 7:11-CV-041 |
| | § | |
| WALTER MORTGAGE SERVICING, | § | |
| INC., Defendant | § | |
| | § | |

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
## AND MAKING FINDINGS AND RECOMMENDATIONS

By Order of Reference (Docket No. 4) this case has been referred to the undersigned for pretrial management. Plaintiff seeks leave to proceed *in forma pauperis*. Finding that his application accurately reflects his inability to bear or pay the fees or costs in advance, I conclude that his motion should be, and is hereby, GRANTED.

Since this action was filed pursuant to Plaintiff's request to proceed *in forma pauperis*, Plaintiff's Complaint is subject to review under §1915 (e) (2) and to dismissal under Subsection (B) if the Court determines that the action is frivolous or fails to state a claim on which relief may be granted. The District Court is authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus.*, 941 F. 2d 374, 379 (5th Cir. 1991).

This is the third complaint Plaintiff has filed in this very Court complaining of his eviction from his place of residence following a foreclosure of the mortgage on those premises. The first case (7:08-CV-168) was dismissed upon the District Court's adoption of the findings and recommendations of the Magistrate Judge upon his finding that the Plaintiff had failed to

1

articulate a cause of action cognizable by this Court. The factual scenario under which Plaintiff sought to make a claim is recited in the Memorandum and Recommendations (Docket No. 10) in that case. Plaintiff's attempted appeal was likewise dismissed. The second case (7:10-CV-187) that alleged the same occurrences was likewise dismissed by the District Court on the same factual and legal grounds upon the recommendations of the Magistrate Judge.

Now Plaintiff has filed his third Complaint alleging the same occurrences as recited in the two previous Complaints. In fact his current Complaint uses the words and phrases of his two previous Complaints, word-for-word and phrase-for-phrase but in newly jumbled order. It is substantially merely a duplicate of the prior dismissed Complaints.

Searching through Plaintiff's current allegations, I identify only the same three claims made in each of his prior Complaints, to-wit:

1. that the state district court to whom Plaintiff sought to appeal the result in the justice court eviction case did not consider his "appeal brief."
2. that he was denied his due process right to an appeal without posting an appeal or too high supercedeas bond even though he had filed a pauper's affidavit in the justice or district courts.
3. that there was some sort of defect in the use of substituted service permitted under Rule 742a of the Texas Rules of Civil Procedure.

Each of these issues are matters that were fully addressed as to the facts and the law in this Court's prior orders in the two prior cases. As in the two prior cases I find in this case that Plaintiff has wholly failed to articulate any cause of action within the jurisdiction of or cognizable by this Court.

Complaints filed *in forma pauperis* may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1989). Ware's claims are virtually identical to those raised in his two previously filed cases, each of which were dismissed as failing to state a cognizable claim pursuant 28 U.S.C. 1915 (e) (B) (ii). Thus, the case at bar constitutes repetitive litigation. *See Bailey v. Johnson*, 846 F. 2d 1019, 1020 (5th Cir. 1988) and *Pittman*, supra at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but not more").

In dismissing the two prior cases, the Court dismissed the cases *without prejudice* while affording the Plaintiff an opportunity to either amend his complaint or file a new suit. This third bite at the apple turns up sour. Under the standards of §1915 (e)(2)(B) (i) and (ii) I recommend that this case be dismissed as frivolous since it is duplicative and lacks a cognizable cause of action. Further, I recommend that the District Court dismiss this case *with prejudice* to its refiling as a sanction. Alternatively, the Court should issue an order mandating that Plaintiff show cause why the Court should not dismiss his case *with prejudice* for frivolousness and/or maliciousness due to its duplicative character.

It is so FOUND and RECOMMENDED, this 15th day of March, 2011.

_Robert K. Roach_
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Standard Instruction to Litigants

       A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).